WARD GREENBERG HELLER & REIDY LLP
By:   Dennis R. Callahan, Esquire
        Amy L. Hansell, Esquire
701 East Gate Drive, Suite 220
Mount Laurel, NJ  08054
Phone:  (856) 866-8920
Fax:  (856) 866-8761

QUARLES & BRADY LLP
By:   Christian C. Burden, Esquire (*pro hac vice admission pending*)
101 E. Kennedy Blvd., Ste. 3400
Tampa, Florida 33602
Phone: (813) 387-1300
Fax: (813) 387-1800
Email:  chris.burden@quarles.com

*Attorneys for Plaintiff, 7-Eleven, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **7-ELEVEN, INC.,**<br><br>                 Plaintiff,<br><br>        v.<br><br>**KRSM INC. AND SYED KAZMI,**<br><br>                 Defendants. | Case No. 3:22-cv-07220 |

## DECLARATION OF DENNIS R. CALLAHAN IN SUPPORT OF
## REQUEST FOR ENTRY OF DEFAULT

Dennis R. Callahan declares under the penalties of perjury as follows:

1.    I am a member of the law firm of Ward Greenberg Heller & Reidy, LLP, attorneys for the Plaintiff 7-Eleven, Inc. ("7-Eleven") in the above-captioned action.  I am familiar with the file, records, and pleadings in this matter.

2.    This matter involves a franchise termination.    Following the termination of the franchise agreement, and despite their obligation to surrender possession of the Store's premises to 7-Eleven upon termination, Defendants KRSM Inc. and Mr. Kazmi have continued to operate a "7-Eleven" store from the same premises as before, using 7-Eleven's marks, equipment, and real property all without authorization.

3.    On December 10, 2022, the undersigned filed a Complaint For Injunctive And Other Relief ("Complaint") seeking, among other things, (a) an award and judgment for possession of the Store premises and such writs and executions as may be necessary to aid 7-Eleven in dispossessing Defendants from the same; (b) an order preliminarily and permanently enjoining Defendants, their agents, servants and employees, and those people in active concert or participation with them, from using the 7-Eleven marks or any trademark, service mark, logo or trade name that is confusingly similar thereto; (c) an award and judgment for damages, including all profits made by Defendants, caused by Defendants' trademark infringement and unfair competition; (d) an order and judgment for replevin of the Equipment leased to KRSM Inc. and such writs and executions as may be necessary to aid 7-Eleven in dispossessing KRSM Inc. from the same; and

2

(e) an award and judgment for damages arising from Defendants' breach of the Franchise Agreement and Guaranty.  (Doc. 1.)

4.    This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367.  This Court also has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the parties to this action are diverse and the amount in controversy exceeds $75,000.00.

5.    Defendants were served with the Summons and Complaint on December 17, 2022.  *See* the Declaration of Diane Riggs, a true and correct copy of which is attached hereto as Exhibit A, at ¶ 9.

6.    On December 20, 2022, the undersigned filed copies of the executed Returns of Service.  (Doc. 8 and Doc. 9.)

7.    Defendants' response to the Complaint was due on January 9, 2023.

8.    Defendants have failed to appear, plead, or otherwise defend within the time allowed.

9.    The time for Defendants to appear, answer, or move in response to the Complaint has expired.

10.    Based upon the foregoing, it is respectfully requested that 7-Eleven's request to enter default against Defendants KRSM Inc. and Syed Kazmi be granted and that the Clerk of the Court issue an Order reflecting same.

Pursuant to 27 U.S.C. § 1746, I declare, under penalty of perjury under the laws of the United States, that the foregoing statements are true and correct.

Executed on January 10, 2023, in Mount Laurel, New Jersey.

/s/ Dennis R. Callahan
Dennis R. Callahan

4