Jordan M. Rand
**KLEHR HARRISON HARVEY BRANZBURG LLP**
10000 Lincoln Drive East, Suite 201
Marlton, NJ 08053
Telephone: (856) 486-7900
Facsimile: (856) 486-4875
jrand@klehr.com
*Attorneys for Defendants KRSM Inc. and Syed Kazmi*

| | |
|---|---|
| 7-ELEVEN, INC.<br><br>Plaintiff,<br><br>v.<br><br>KRSM INC. and SYED KAZMI,<br><br>Defendants. | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>Case No. 3:22-cv--7220<br><br>**BRIEF IN SUPPORT OF MOTION TO DISMISS** |

Defendants KRSM Inc. ("**KRSM**") and Syed Kazmi ("**Kazmi**") (collectively, "**Movants**") submit this Brief in support of their Motion to Dismiss for lack of personal jurisdiction due to ineffective service of process (the "**Motion**").

## I. INTRODUCTION

As the Court has already recognized, Plaintiff 7-Eleven Inc. ("**7-Eleven**") failed to affect proper service on December 17, 2022, the date on which service is claimed. Despite the Court's denial of a subsequent request for default and its explicit instructions as to how to achieve proper service, 7-Eleven failed to do so.



10343888.v1

Without service, the Court does not have jurisdiction. The Complaint must therefore be dismissed. In the alternative, the Court may order alternative service via email or process to Defendants' attorney, Jordan M. Rand, who is authorized to accept service.

## II. FACTS

This is a franchise dispute. Since 2018, KRSM has been a franchisee of 7-Eleven, operating a store at 1601 Princeton Avenue in Lawrenceville, New Jersey (the "**Store**"). Kazmi owns KRSM. 7-Eleven claims that KRSM breached its contractual obligations starting in early 2021. Among the asserted breaches, 7-Eleven contends that KRSM failed to comply with requirements regarding its principal's net worth, the appearance of the Store, product specifications and franchisee reporting requirements. KRSM disputes these allegations, and, at the appropriate time, will identify the multitude of ways in which 7-Eleven breached its own contractual and other obligations. That time, however, is not now.

On December 15, 2022, the Court entered an Order to Show Cause. Docket Entry No. 6. In it, the Court gave explicit instructions on the manner by which service was to be made: "[P]ersonal service of this Order to Show Cause, together with the papers upon which it is granted, shall be good and sufficient if delivered to KRSM and Mr. Kazmi at 1601 Princeton Avenue in Lawrenceville, New Jersey

08648, or to the office of counsel for KRSM and Mr. Kazmi, on or before 5:00 p.m. on the 20th day of December 2022."

In response to the Order to Show Cause, 7-Eleven made one unsuccessful attempt to comply with the Court's service instructions. Allegedly, on December 16, 2022, 7-Eleven's process server (the "**Server**") attempted service at the Store, but Mr. Kazmi was not there. Docket Entry No. 12-2 at ¶ 8. After that, 7-Eleven made no further attempts to comply with the Order to Show Cause's service requirements.

Instead, on December 17, 2022, the Server claims that she "placed paperwork down on the front porch, announced 'you have been served' to Syed Kazmi and left." While Mr. Kazmi was not home at that time, despite the Server's contrary belief, there can be no disputing the fact that this method of service did not comply with the Order to Show Cause.

On January 10, 2023, 7-Eleven filed a Request for Default. Docket Entry No. 12. One day later, on January 11, 2023, the Court denied the Request for Default, finding that it could not be granted because "proper service was not executed." And there can be no dispute regarding the fact that 7-Eleven did not achieve service in accordance with the Court's instructions in the Order to Show Cause. In fact, it is undisputed that 7-Eleven only tried to do so once, that it was not successful and that it never tried again.

On January 12, 2023, 7-Eleven submitted a "response to the January 11, 2023 denial of 7-Elevens Request for Default. Docket Entry No. 13. 7-Eleven argues that it obtained proper service by leaving the "paperwork" on the porch at 6 Lenn Road because Mr. Kazmi was inside the house at that time. 7-Eleven ignored the Order to Show Cause entirely.

Because 7-Eleven failed to comply with this Court's explicit service instruction, the Complaint should be dismissed without prejudice.[1] In the alternative, Defendants' attorney, Jordan M. Rand, has been authorized to accept service via email. The Court may moot this Motion by ordering such alternative service.

## III. ARGUMENT

The Complaint should be dismissed for ineffective service of process. Under Federal Rule of Civil Procedure 12(b)(5), the Court may dismiss a complaint for ineffective service of process or may quash the service challenged as ineffective. 7-Eleven failed to affect proper service because it failed to comply with the Court's explicit service instructions in the Order to Show Cause. Now that Movants have engaged counsel and authorized counsel to accept service, the appropriate course is

[1] In addition, rather than simply dropping process at a front door based on a suspicion of who is in the home, the appropriate step would have been to file a motion for alternative service. That is particularly true where the Court has already entered an Order prescribing the manner of service.

to require 7-Eleven to make service on Movant's attorney and to re-set deadlines to reflect the date of that service.

To the extent that 7-Eleven may complain that its claims are of an emergent nature, 7-Eleven has pled that the alleged breaches have been going on since 2021. That is approximately two years. Surely, if this matter was not sufficiently urgent to warrant an earlier response, providing Movants with 30 days to answer the complaint, assert their counterclaims and file a fulsome response to the Motion for a Preliminary Injunction cannot be deemed prejudicial.

## IV. CONCLUSION

For the foregoing reasons, Movants respectfully request entry of an Order in the form attached.

Respectfully submitted:

By: */s/ Jordan M. Rand*

Jordan M. Rand
**KLEHR HARRISON HARVEY BRANZBURG LLP**
10000 Lincoln Drive East, Suite 201
Marlton, NJ 08053
Telephone: (856) 486-7900
Facsimile: (856) 486-4875
Emails: jrand@klehr.com
*Attorneys for Defendants KRSM Inc. and Syed Kazmi*

Date: January 18, 2023